FILED
2025 Sep-15  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

**THE LEARNING TREE, INC**

    **Plaintiff,**

**v.**

                    **2:25-CV-00804-AMM**

**CITY OF HELENA, ALABAMA AND DEJAY JONES**

    **Defendants.**

---

## CITY OF HELENA AND DEJAY JONES ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendant, City of Helena and Dejay Jones voluntarily accept service of the Complaint which has not been properly served, and answers Plaintiff's Complaint and assert the following affirmative defenses:

## PLAINTIFF'S COMPLAINT

## I INTRODUCTION

This Complaint is filed to ensure that the rights of persons with disabilities to fair and equitable housing, transportation, and quality of life as guaranteed by the Fair Housing Amendment Act of 1988 (FHAA) (42 U.S.C. § 3601, *et seq*.) and the Americans with Disabilities Amendment Act, Title II, as amended in 2008 (effective 2009) (ADAAA). More specifically, The Learning Tree, Inc (The

Learning Tree) challenges the international conduct of the City of Helena, Alabama (City of Helena) in denying the rights of children who have disabilities to live in a community environment by a "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 360(f)(3)(B). Furthermore, the City of Helena is liable for depriving children with disabilities of the equal protection of the law, as guaranteed by the 14th Amendment to the United States Constitution, which was caused by employees, specifically the building inspector of the Defendant, who carried out a governmental policy or custom 42 U.S.C. 1983.

RESPONSE: The Defendants deny the allegations contained in the unnumbered preceding paragraph. The Defendants have not violated the FHAA or the ADAAA. The Defendants specifically deny any intentional conduct on their part to violate any rule, regulation, law, or right. The Defendants deny any retaliatory conduct.

The Learning Tree also challenges the intentional and retaliatory conduct of Defendant Dejay Jones (Jones) in withholding approval of a building permit for the Learning Tree to repair a group home that it owns in the City of Helena under the pretext that previous repairs conducted at The Learning Tree were not able to be inspected by City personnel. Jones falsely said that he had tried to inspect those [previous repairs] and was not allowed. Jones' failure to provide the permit to

repair The Learning Tree group home in the City of Helena has delayed and deprived children with disabilities the opportunity of fair and equitable housing, transportation, and quality of life.

RESPONSE: The Defendants deny the allegations contained in the unnumbered preceding paragraph. The Defendants have not violated the FHAA or the ADAAA. The Defendants specifically deny any intentional conduct on their part to violate any rule, regulation, law, or right. The Defendants deny any retaliatory conduct.

## II JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 42 U.S.C. § 3613, 42 U.S.C. § 12333, and 29 U.S.C. § 1331. This Court has the authority to enter a declaratory judgment pursuant to 28 U.S.C. 2201. Venue is proper pursuant to 28 U.S.C. § 1391.

**RESPONSE:** Admitted, except that the Defendants deny any declaratory judgment should be entered in this case.

## III. PARTIES.

Plaintiff

2.     The Learning Tree, Inc. (The Learning Tree) is a nonprofit organization incorporated in the state of Alabama in 1983. The purpose of The Learning Tree is to provide educational, residential, and support services for children and adolescents with developmental disabilities, intellectual disabilities, and emotional and behavioral disabilities (including children and adolescents who

have autism). The Learning Tree serves more than 600 children and adolescents from more than 30 counties from across the state of Alabama.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

3.     The Learning Tree provides the following services in Alabama: (a) behavioral clinical services in Birmingham, Anniston, Montgomery, and Mobile; (b) preschool services in Mobile, Auburn, and Jacksonville; (c) outreach and consultation services to more than 75 public school districts; and (d) residential services in Jacksonville, Mobile, Tallasee, Piedmont, Pelham, and Helena. The Learning Tree will soon be an additional home in Alabaster, Alabama.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

4.     The Learning Tree is a 501(c)(3) organization that provides, *inter alia*, a community-based home environment to children and adolescents who have significant disabilities and who require specific behavioral, educational, and social and emotional interventions and training that they cannot receive in their natural

family environments. The Learning Tree had provided these services in Alabama

since 1983.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the

truth or accuracy of the allegations in this paragraph of the Complaint. If this

response is deemed inadequate, the Defendant denies this paragraph of the

Complaint.

5.      The Learning Tree operates 34 residential homes. Each home has no

more than four (4) children, and more commonly just three (3), living in the home.

To facilitate and encourage a more normal living environment the homes are

typically located in areas zoned R-1, residential. There are currently 9-12 children

on The Learning Tree's list awaiting residential placement.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the

truth or accuracy of the allegations in this paragraph of the Complaint. If this

response is deemed inadequate, the Defendant denies this paragraph of the

Complaint.

6.      The Learning Tree accepts residential placement referrals from the

Alabama Department of Mental Health, the Alabama Department of Human

Resources, the Alabama Department of Education, and from parents, physicians

and psychologists. In providing residential services.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

7.     In providing residential placements for children who have disabilities, The Learning Tree must follow the rules and regulations of the Alabama Department of Mental Health, the Alabama Department Human Resources, and the state and federal laws that have been created to protect and provide for individuals with disabilities.

**RESPONSE:** Admitted. The Defendants specifically admit that the Learning Tree must provide safe housing conditions for the children it serves.

8.     The corporate office for The Learning Tree is in Tallasee, Alabama. Marc Williams, Ph.D., is the Director of The Learning Tree. *See* Exhibit A, Affidavit of James Marcus Williams Jr.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

<u>Defendant</u>

9.      The City of Helena, Alabama, is a corporate body with the power to "sue or be sued" in any Court of record according to the Code of Alabama § 11-40-1. The City Attorney for the City of Helena prosecutes alleged zoning violations.

**RESPONSE:** Admitted.

10.     Dejay Jones, according to the City of Helena, Alabama website, is the American Disabilities Act contact and the Building Official.

**RESPONSE:** Admitted.

## IV. FACTUAL ALLEGATIONS

11.     The Plaintiff realleges and incorporates by reference the foregoing paragraphs 1-10 with the same force and effect as if fully set out in specific detail hereinbelow.

**RESPONSE:** This paragraph of the Complaint requires no response from the Defendant.  If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

12.     The children who are residents of the Home at the Pup Run address all meet the criteria of the ADAAA and FHAA as having disabilities. All of the current residents (T.H., C.C., and M.W.) have been diagnosed as having autism and intellectual disabilities.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this

response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

13.     The residential homes operated by The Learning Tree have staff who, by their education, training, and experience, are equipped to provide the services to the children in their care. Supervision is provided 24 hours per day, seven days a week. The Home has a total of 18 personnel assigned over three (3) shifts. Five of the personnel are professional level and 13 are direct care staff.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

14.     The Learning Tree residential home that is the subject of this lawsuit (hereinafter referred to as "Home") was originally leased by The Learning Tree from Mr. Matthew Dohn. The address of the subject home is 2231 Pup Run, Helena, Alabama 35080. The Learning Tree has subsequently purchased the subject Home.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

15.    The Home is certified by the Alabama Department of Mental Health (DMH) to provide residential services to no more than three (3) children.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

16.    In preparation for the opening of the Home for the placement of eligible children in 2019, The Learning Tree made modifications to the Home to ensure compliance with the requirements promulgated by DMH. Modifications were also made to the Home to ensure compliance with the National Fire Protection Association 101 Life Safety Code.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

17.    The Learning Tree's initial attempt to open the Home in 2019 was blocked by Helena officials, stating, "Helena officials have concluded not to allow the proposed group home at 2231 Pup Run on the basis that it is not a permitted use in a single-family residential zone." The position taken by the City of Helena resulted in a lawsuit being filed in this Court by The Learning Tree against the City

of Helena. *See, The Learning Tree, Inc. v. City of Helena*, 2:20-cv-00060-GMB, Document 1, Complaint (1/13/20).

**RESPONSE:** Denied.

18.    The lawsuit filed in 2020 was withdrawn as a result of the parties reaching a settlement agreement. At that time, The Learning Tree was permitted to open and operate the Home.

**RESPONSE:** Admitted except that the Defendants deny that resolution of the 2020 lawsuit exempted The Learning Tree from compliance with building code requirements in the City of Helena.

19.    The Learning Tree has continued to make improvements on the Home to ensure compliance with the accrediting agencies and to create a living environment consistent with the surrounding neighborhood.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

20.    As part of the improvement plan, The Learning Tree has engaged the services of The Roofing Dudes, LLC, to repair the roof on the Home, at a cost of $15,313,50. The Learning Tree has paid The Roofing Dudes $6,011.25 for up-front costs.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

21.    Representatives of The Roofing Dudes made an application for a permit to install the new roof with the City of Helena. The building inspections clerk, Kym Rollan, transferred him to the Building Official, Dejay Jones, who told him that he could not approve the permit due to previous repairs not being able to be inspected. When the Representative of The Roofing Dudes asked for something in writing confirming what Jones had told him, Jones said he was advised by the attorneys to say that he just wasn't able to approve the permit.

**RESPONSE:** Admitted.

22.    Personnel with The Learning Tree have never denied Jones or any other representative of the City of Helena the opportunity to inspect previous repairs.

**RESPONSE:** Denied.

23.    The selective enforcement of the zoning ordinances by the Defendant that is at issue constitutes an intentional targeting of The Learning Tree, Inc., and the children who are served by The Learning Tree, who have disabilities. The Defendants' actions have caused the Plaintiff and the children harm by denying them the equitable enjoyment of housing opportunities based on their disabilities, by

denying them the appropriate operating permits to make repairs. The failure to provide the permits has delayed the opening of the Home causing The Learning Tree to lose income. Further, the defense of the legal action brought against The Learning Tree by the Defendant and the filing of this action by The Learning Tree have caused the Learning Tree to incur legal expenses, filing fees, and other reasonable costs.

**RESPONSE:** Denied.

### V. VIOLATIONS OF THE FAIR HOUSING AMENDMENTS ACT.

24.    The Plaintiff realleges and incorporates by reference paragraphs 1-23 hereinabove with the same force and effect as if fully set out in specific detail hereinbelow.

**RESPONSE:** This paragraph of the Complaint requires no response from the Defendant.  If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

25.    The Plaintiff alleges that The Learning Tree serves children who have disabilities.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

26.    The children who will reside in the Home are persons with disabilities as defined by the ADAAA. 42 U.S.C. § 12131(2).

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

27.    The Defendant meets the definition of a public entity 42 U.S.C. 12131(1)(A).

**RESPONSE:** Admitted.

28. The Plaintiff alleges that the Defendants have intentionally and with callous disregard discriminated against the Plaintiff and the children with disabilities that it represents and that it provides services in the form of residential living opportunities by denying the rights of children who have disabilities to live in a community environment by a "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

**RESPONSE:** Denied.

29.    The FHAA defines discrimination as "a refusal to make reasonable accommodations in rules, policies, practices, and services when accommodations

are necessary to afford such person equal opportunity to use and enjoy a dwelling."
Id.

**RESPONSE:** Denied.

30.    The Defendant has intentionally, and with willful, reckless, and callous disregard, discriminated against the Plaintiff in violation of FHAA. The Defendant intends to prohibit the Plaintiff from providing children with disabilities the enjoyment of a home in a community-based residential area.

**RESPONSE:** Denied.

31.    The Defendant's personnel have interfered with the Plaintiff's personnel and contracted agents in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the FHAA. 42 U.S.C. § 3617.

**RESPONSE:** Denied.

32.    As a result of Defendants' actions, the Plaintiff has suffered harm, including damages, humiliation, pain and suffering, and violation of the potential range of opportunities to live in the City of Helena residential community as enjoyed by persons without disabilities.

**RESPONSE:** Denied.

## VI. VIOLATION OF TITLE II OF THE ADAAA.

33.    The Plaintiff realleges and incorporates by reference the foregoing paragraphs 1-32 hereinabove with the same force and effect as if fully set out in specific detail hereinbelow.

**RESPONSE:** This paragraph of the Complaint requires no response from the Defendant.  If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

34.    The children who reside in the Home are persons with disabilities as defined by the ADAAA 42 U.S.C. § 12131(2). The Learning Tree is a program that is associated with and cares for children who have disabilities.

**RESPONSE:** The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

35.    The Defendant meets the definition of a public entity 42 U.S.C.12131(1)(A).

**RESPONSE:** Admitted.

36.    The Defendant has intentionally, and with malicious, callous and willful disregard engaged in discriminatory actions against the Plaintiff if violation of Title II of the ADAAA when, as public entities, they subjected the Plaintiff and the children in its care to discrimination. 42 U.S.C. § 12132. Specifically, the provision

provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the service, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

**RESPONSE:** Denied.

37.    The Defendant has utilized its authority as the to limit the opportunities that the children under the care of the Plaintiff have to live in a community-based residential environment.

**RESPONSE:** Denied.

38.    As a result of the Defendant's discrimination, the Plaintiff has suffered the following harm and damages: humiliation, pain and suffering, and violation of the range of opportunities to live in and enjoy a community-based residential environment like persons who do not have disabilities.

**RESPONSE:** Denied.

VII VIOLATIONS UNDER THE 14TH AMENDEMENT

39.    The Plaintiff realleges and incorporates by reference the foregoing paragraphs 1-38 hereinabove with the same force and effect as if fully set out in specific detail hereinbelow.

**RESPONSE:** This paragraph of the Complaint requires no response from the Defendant.  If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

40.    The Defendant has denied the Plaintiff, and the children it serves, equal protection under the law by denying reasonable and appropriate accommodations by creating a pretextual premise that the Plaintiff and its personnel have interfered with Jones' ability to inspect previous repairs.

**RESPONSE:** Denied.

41.    The Plaintiff and its employees have never interfered with Jones' ability to inspect repairs.

**RESPONSE:** Denied.

42.    The Defendant has intentionally, and with malicious, callous, and willful disregard, engaged in discriminatory actions against the Plaintiff in violation of the 14th Amendment to the U.S. Constitution.

**RESPONSE:** Denied.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the above premises considered, the Plaintiff prays unto this Honorable Court to set this matter down for a hearing as soon as reasonably.

**RESPONSE:** Denied.

43.    Enter a declaratory judgement that Defendant's actions violate the FHAA, ADAAA, and 14th Amendment to the United States Constitution.

**RESPONSE:** Denied.

44.     Issue a preliminary and permanent injunction enjoining the Defendant from denying the Plaintiff its rights under the FHAA, ADAAA, and 14th Amendment, including enjoining the Defendant from taking any action to deny the permit for the Plaintiff the opportunity to complete the roofing repairs at the Home.

**RESPONSE:** Denied.

45.     Award such preventive relief, including a temporary or permanent injunction, restraining order, or other order against Jones for a violation, as is necessary, to assure the full enjoyment of all rights granted by the FHAA, ADAAA, and the 14th Amendment.

**RESPONSE:** Denied.

46.     Issue a temporary and permanent injunction enjoining the Defendant, its personnel, or anyone it should so direct from coercing, intimidating, threatening, or in any matter interfering with persons the exercise of or enjoyment of, or on account of their having exercised of any right granted or protected by the FHAA, ADAAA, or the 14th Amendment

**RESPONSE:** Denied.

47.     Grant a preliminary and permanent injunction enjoining the Defendant form interfering in any discriminatory manner in the operation of the home or transport to or from the Home.

**RESPONSE:** Denied.

48.     Direct the Defendants to amend its zoning code to create a process for requesting reasonable accommodations or modifications from the zoning code based on disability.

**RESPONSE:** Denied.

49.     Grant the Plaintiff its actual and punitive damages, including the cost of bringing this action.

**RESPONSE:** Denied.

50.     Grant all other such relief as may be required by law or equity that is fair and just.

**RESPONSE:** Denied.

## <u>AFFIRMATIVE DEFENSES</u>

**AND NOW**, having fully answered the allegations contained in the Complaint and having denied any liability, damages, and the right to any recovery in this matter, the Defendant asserts the following defenses. The term "Plaintiff" used in these Affirmative Defenses refers broadly to all Plaintiffs named in the lawsuit. The term "Defendant" used in these Affirmative Defenses refers broadly to all of the parties on whose behalf this pleading is filed.

1.     The Defendant denies each and every material allegation of the Complaint not hereto controverted.

2.    The Defendant asserts all affirmative defenses in Rule 12(b) and 12(c) of the applicable Rules of Civil Procedure.

3.    The Defendant asserts all affirmative defenses set out in Tule 8 of the applicable Rules of Civil Procedure.

4.    The Defendant asserts the applicable statutes of limitations as an affirmative defense.

5.    The Plaintiff lacks standing to assert the claims purportedly asserted.

6.    The Plaintiff's claims are not ripe.

7.    The claims in the Complaint are not prosecuted in the name of the real party int interest.

8.    The Plaintiff's claims have been waived and/or estopped from being asserted.

9.    The statutory, contractual, and/or administrative conditions precedent to filing this action have not been met.

10.   The Plaintiff's alleged damages are speculative and impossible to ascertain or allocate.

11.   Any recovery had must be reduced or set off by collateral sources paid to the Plaintiff.

12.    Pursuant to Rule 8 of the Rules of Civil Procedure permitting alternative or hypothetical affirmative defenses, and to avoid waiver, the Plaintiff failed to mitigate damages.

13.    The Plaintiff's claims are barred by illegality.

14.    The doctrine of unclean hands is plead as an affirmative defense in this case.

15.    The Defendant's actions concerning the subject property are consistent with the land use pattern of the area and bear a substantial relationship to public health, safety, morals, and general welfare.

16.    The Defendant's actions concerning the subject property were reasonably necessary to promote and protect public health, safety, welfare, and morals.

17.    The Defendant's actions concerning the subject property were rationally related to a legitimate public and governmental interest.

18.    The Defendant pleads contributory negligence

19.    The Defendant pleads assumption of the risk.

20.    The Plaintiff's alleged injuries and/or damages were proximately or solely caused by the actions and/or omissions of someone other than Defendant and over whom Defendant possesses no right of supervision of control and for whose acts Defendant is not legally responsible.

21.    No policy, custom, or practice, was enacted or carried out with deliberate indifference. No showing can be made to evidence that the awareness of a past history of constitutional violations resulting from the application of policies or customs. No policy, custom, or practice of Defendant caused the alleged injury in this action.

22.    The claims in the current cause of action are barred because compliance with the heightened specificity requirements of Rule 8 in § 1983 cases against persons sued in their individual capacities was not followed.

23.    The claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a).

24.    The punitive damages immunity defense under 42 U.S.C. § 1983 is pled.

25.    The Defendant pleads immunity from liability.

26.    The claims are barred by the doctrines of Eleventh Amendment immunity, absolute immunity, state agent immunity, substantive immunity, discretionary function immunity, sovereign immunity, peace officer immunity, municipal immunities and qualified immunity.

27.    The Defendant is immune from punitive damages pursuant to Alabama Code § 6-11-26.

28.    Damages caps apply to the claims in the Complaint.

29.     The provisions of Alabama Code § 11-47-190 are pled as a defense to the Plaintiff's claims.

30.     The provisions of Alabama Code § 11-93-2 are pled as a defense to the Plaintiff's claims.

31.     The provisions of Alabama Code § 11-47-191 are pled as a defense to the Plaintiff's claims.

32.     Defendants assert the direct threat defense under 42 USCS § 3604.

33.     Defendants actions and omissions were done in good faith and not in violation of the FHAA.

34.     Defendants assert that the Plaintiff, the Defendants, and the subject dwelling are exempt from FHAA.

35.     To the extent the Plaintiff has requested accommodations under the FHAA, the requested accommodations are not reasonable and impose an undue hardship on the Defendant.

36.     Defendant asserts that any decision made in regards to Plaintiff's request for permit was based on legitimate, non-discriminatory reasons.

37.     Defendant asserts that any decision made in regards to Plaintiff's request for a permit was based on a rationale and reasonable basis.

38.     Defendant pleads in good faith

39.    To the extent the Plaintiff made any requests for accommodation, the requested accommodations is unreasonable, and would impose a significant difficulty, burden, and/or expense on the Defendant's business operations.

40.    The Plaintiff poses a direct threat to the health or safety of others, which cannot be mitigated by reasonable accommodation.

41.    Any qualification standard, test, or selection criterion that screens out individuals with disabilities is job-related, consistent with business necessity, and cannot be reasonably accommodated.

42.    The Defendant complied with ADA requirements, including removing all "readily achievable" barriers and asserts financial inability to make further modifications.

43.    The Plaintiff brought the action in bad faith, without adequate factual basis, and/or for improper purposes, including harassment and unnecessary recovery of attorney's fees.

44.    The conduct alleged in the Complaint is insufficient for a recovery of punitive damages.

45.    Claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

      a.    the Commerce Clause of Article I, Section 8 of the United Staes Constitution;

b.      the Contracts Clause of Article I, Section 10, of the United States Constitution;

c.      the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

d.      the Supremacy Cause of Article VI of the United States Constitution;

e.      the Free Speech Clause of the First Amendment of the United States Constitution;

f.      the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g.      the Takings Clause of the Fifth Amendment of the United States Constitution;

h.      the Right to Counsel of the Sixth Amendment of the United States Constitution;

i.      the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

j.      the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

k.      the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

l.      similar or corresponding provisions of the Constitution of this State.

46.    No act or omission alleged in the Complaint was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

47.    To the extent the Complaint seeks the imposition of punitive damages, the defenses, criteria, limitations, standards an constitutional protections mandated or provided by the United States Supreme Court in the following cases: *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001) *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and similar cases from the Supreme Court of this State; *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007) are adopted by reference.

48.    Because of the lack of clear standards, any imposition of punitive damages would be unconstitutionally vague and/or overbroad.

49.    Claims for punitive damages are subject to the limitations and requirements of State law.

50.    All defenses asserted by other defendants are adopted to the extent they are applicable to the claims purportedly asserted against the Defendant.

51.    The Defendant demands a trial by struck jury.

Respectfully submitted,

September 15, 2025

| | |
|---|---|
| *s/ M. Jansen Voss* | **OF COUNSEL**: |
| M. Jansen Voss | CHRISTIAN & SMALL LLP |
| (ASB-6815-E68V)(VOS001) | 505 North 20th Street, Suite 1800 |
| Margaret C. Key | Birmingham, Alabama 35203 |
| (ASB-7956-U16Z)(CLA128) | T (205) 795-6588  F (205) 328-7234 |
| *Attorneys for City of Helena and* | mjvoss@csattorneys.com |
| *Dejay Jones* | mhclanton@csattorneys.com |

## CERTIFICATE OF SERVICE

I certify on September 15, 2025, I served a copy of this document and any attachments on counsel for all parties via electronic filing or by placing same in the United States Mail, properly addressed and first-class postage prepaid to:

**James D. Sears**
JAMES D. SEARS (SEARJ1750)
Law Offices of Sears and Sears, PC
5809 Feldspar Way
Hoover, AL 35244
(251) 404-1627; (205) 588-0755
jdsears@searslaw.net

*/s/ M. Jansen Voss*
**OF COUNSEL**

4597978.1